# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KAHLIA J. ENGLISH,

        Petitioner,     :     Case No. 1:22-cv-156

 - vs -     District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

WARDEN,
 Trumbull Correctional Institution

                     :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for decision on the merits. Relevant pleadings are the Petition (ECF No. 1), the State Court Record (ECF No. 5), the Return of Writ (ECF No. 7) and the Reply (ECF No. 10).

After filing the Reply, Attorney Kort Gatterdam, who filed the case and the Reply, sought leave to withdraw on ethical grounds (ECF No. 11). The Court granted that Motion on September 1, 2022, and allowed Petitioner time to file a substituted reply (ECF No. 12). However, Petitioner has not responded in any way to that Order and the Court recently advised the parties it believed the case was ripe for decision (ECF No. 23).

1

**Litigation History**

On August 1, 2018, the Hamilton County grand jury indicted English on two counts of murder, one in violation of Ohio Rev. Code § 2903.02(A) (count 1), and the other in violation of Ohio Rev. Code § 2903.02(B) (count 2), and one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(3) (count 3). The murder counts contained firearm specifications. (Indictment, State Court Record, ECF No. 5, Exhibit 1). A jury found English guilty on all counts. After merging the murder counts, the trial judge sentenced English to twenty-one years to life in prison. *Id.* at Ex. 6.

English took a direct appeal to the First District Court of Appeals which affirmed the conviction and sentence. *State v. English,* 2020-Ohio-4682 (1st Dist. Sept. 30, 2020)(Copy at State Court Record, ECF No. 5, Ex. 10). The Supreme Court of Ohio declined to exercise jurisdiction over a further appeal. *State v. English,* 160 Ohio St. 3d 1510 (2020).

On July 6, 2021, English filed an Application for Reopening under Ohio R. App. P. 26(B)(State Court Record, ECF No. 5, Ex. 21) which the Court of Appeals denied as untimely. *Id.* at Ex. 22. The Supreme Court of Ohio again declined appellate jurisdiction. *State v. English,* 165 Ohio St. 1444 (2021).

English, through counsel, filed his Petition in this case on March 25, 2022, pleading the following grounds for relief:

> **Ground 1:** When evidence is admitted that the accused possessed several firearms not related to the charges he was on trial for, and other bad character evidence is also admitted, he is deprived of his constitutional right to a fair trial.
>
> **Ground 2:** The due process rights of the accused are violated when the trial judge receives the verdict forms and shares them with the prosecuting attorney before they are announced in open court.

> **Ground 3:** Petitioner's appellate counsel was ineffective in failing to properly present and argue meritorious claims.

(Petition, ECF No. 1, Page ID 12-23).

# Analysis

**Ground One:  Improper Admission of Other Acts Evidence**

In his First Ground for Relief, English contends he was denied his right to a fair trial when the trial court admitted evidence of firearms possession when the firearms in question were not related to any firearm used in the offense on trial, as well as other "bad character" or "propensity" evidence (Petition, ECF No. 1, PageID 12-20).

**Procedural Default**

Respondent asserts Ground One is barred by Petitioner's procedural default in presenting this claim to the Ohio courts by failure to contemporaneously object to the admission of other act evidence on the grounds he raises here.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

3

> demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*);

*Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord, Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has an applicable rule – the contemporaneous objection rule – that parties must preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998).

The Sixth Circuit has repeatedly held that is an adequate and independent state ground of

5

decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). See also *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied,* 562 U.S. 876 (2010).

The First District Court of Appeals enforced this rule against English in his direct appeal. It held:

> {¶49} Our review in this case is hampered because, as the state points out, English did not object to this evidence on the basis now raised. Thus, English forfeited all but plain error. *See, e.g.*, Evid.R. 103(A)(1) and (D); Thomas, 152 Ohio St.3d 15, 2017-Ohio-8011, 92 N.E.3d 821, at ¶ 32.

*State v. English,* 2020-Ohio-4682 (1st Dist., Sept. 30., 2020). It then proceeded to review this claim for plain error. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

States have a very strong interest in the contemporaneous objection rule. *Scott v. Mitchell,* 209 F.3d 854 (6th Cir. 2000), quoting extensively from *Wainwright v. Sykes*, 433 U.S. 72, 88-90 (1977).

English argues that there was excusing cause for his default – that his attorney provided ineffective assistance of trial counsel when she failed to object on this basis. Ineffective

6

assistance of counsel can provide excusing cause, but only when that constitutional claim has not itself been procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Because the failure to make a contemporaneous objection would appear in the trial court record, English was bound to raise that claim on direct appeal or have it barred by Ohio's *res judicata* rule.

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Syllabus in *State v. Perry*, 10 Ohio St. 2d 175 (1967)(emphasis *sic*.). *See also State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Duling,* 21 Ohio St. 2d 13 (1970). A review of English's Assignments of Error in the First District shows he did not raise this claim (Appellant's Brief, State Court Record, ECF No. 5, Ex. 8, Page ID 79-83). The Magistrate Judge concludes English's First Ground for Relief is barred by his unexcused failure to properly present it to the Ohio courts.

**Merits**

Alternatively, Petitioner's First Ground for Relief fails to state a claim upon which habeas corpus relief can be granted.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

The rule against propensity evidence – proof of a crime by proof that the defendant has committed other bad acts consistent with the character of someone who would commit the crime in suit – is widespread in American law. It is prohibited by both Ohio R. Evid. 404, Ohio Revised Code § 2945.59, and Fed. R. Evid. 404. It is attractive to prosecutors and each of these positive law prohibitions has numerous exceptions, which makes the issue frequently litigated. There is, therefore, copious precedent discussing propensity evidence which often contains condemnatory language.

In applying those precedents, however, a habeas court must hue strictly to the rule of 28 U.S.C. § 2254(d)(1): relief can be granted only if the state court decisions is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. The Sixth Circuit has squarely held "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991). Because there is no clearly established Supreme Court precedent holding admission of propensity or other bad acts evidence violates Due Process, English's First Ground should be dismissed for failure to state a claim upon which relief can be granted.

**Ground Two:  Due Process Violation in Reception of the Verdict**

In his Second Ground for Relief, English asserts his due process rights were violated when the trial judge received the verdict forms and shared them with the prosecuting attorney before they were announced in open court.

The record reveals that after the jury were sent to deliberate, they had a question about how their anonymity could be protected and they could securely return to their cars (Transcript, State Court Record, ECF No. 5-9, PageID 1325).  After the judge and trial attorneys agreed on a response, the judge and court reporter went to the jury room to respond to that question. *Id.* at PageID 1328-29.  After the judge conveyed the agreed-upon response, the following occurred:

> THE COURT: So we'll let you continue your deliberations, and just let us know when you're finished.
>
> VARIOUS JURORS: We are. We are finished.
>
> THE COURT: You are?
>
> VARIOUS JURORS: Yes.
>
> THE COURT: Okay. Well, tell me when you have the final verdict forms.
>
> VARIOUS JURORS: We do.
>
> THE COURT: Okay. Can I have them, then, and we'll --
>
> JURY FOREMAN MCCANN: Yes.
>
> THE COURT: Okay. I'll show them to the attorneys.  Thank you.
>
> (The Court and court reporter exit the jury room and return to the courtroom.)

*Id.* at PageID 1330.

After the jury reentered the courtroom and answered that they had reached a verdict, the

judge directed that it be read by the bailiff. *Id.* at PageID 1331. At defense counsel's request, the jurors were polled and agreed that the verdicts as read were their own. *Id.* at PageID 1332-33. At this point in time, no objection was made to the regularity of the return of verdict.

The Verdicts were filed October 30, 2018, the same day they were returned (State Court Record, ECF No. 5, Ex. 2). Two days later defense counsel filed a Motion for New Trial alleging jurors had been able to see the Petitioner in handcuffs during the jury view, that there was insufficient evidence, and that some unspecified evidence was admitted at trial in violation of law. *Id.* at Ex. 3. Regarding the return of verdict question, the Motion reads:

> There was an irregularity in the proceedings in that the verdict was not properly submitted to the Court. Upon information and belief, the Judge along with the Court Reporter met with the Jury relating to a question they had imposed in writing. Upon information and belief, Judge Sunderman instructed the Jury to continue deliberating. Upon information and belief, the Jury advised the Judge that they had reached the verdict. Upon information and belief, the Judge took the verdict forms from the jury, left the jury in the jury room, responded to the courtroom and shared those verdict forms with the prosecuting attorney- - - not defense counsel. Defense counsel was then notified that there was a verdict not what the verdict was. Defense counsel responded to the courtroom and believed that the verdict was being delivered for the first time. Unbeknownst to her that it had already been delivered to the Judge and shared with the prosecuting attorney. This is an irregularity in the proceedings and Defendant should be entitled to a new trial.

*Id.* at PageID 57. In her Memorandum of Law in support of the Motion, defense counsel argues against secret trials as used by the Spanish Inquisition and English Star Chamber. *Id.* at Ex. 4, PageID 61. In support of the proposition that a public trial is an aspect of due process, she quotes such luminaries of American jurisprudence as Oliver Wendell Holmes, Jr., in *Cowley v. Pulsifer,* 137 Mass. 392 (Sup. Jud. Ct. , 1884), Cooley on Constitutional Limitations (8th ed. 1927), and 1 Bentham, Rationale of Judicial Evidence 524 (1827). She accuses Judge

Sunderman of "seiz[ing] the verdict forms and repeats the unsourced allegation that the verdicts were shared with the prosecutor but not defense counsel." *Id.* at PageID 63-64. The Motion was summarily overruled without any findings of fact (Entry, State Court Record, ECF No. 5, Ex. 5).

Represented on direct appeal by different counsel from his trial attorney, English raised as his First Assignment of Error:

> The Trial Court Erred To The Prejudice Of Defendant By Violating His Fifth And Fourteenth Amendment Rights To Due Process When The Jury Verdict Was First Returned To The Trial Judge In The Jury Room, Shared With The Prosecutor, And Not First Returned In Open Court In Defendant's Presence.

(Appellant's Brief, State Court Record, ECF No. 5, Ex. 8, PageID 84). He then presented two issues for decision under this Assignment: (1) Whether the trial court erred to the prejudice of Defendant-Appellant by failing to first return the verdicts in open court and (2) Whether the trial court's failing to first return verdicts in open court constitutes structural error mandating reversal. *Id.* at PageID 85-86.

The First District Court of Appeals decided this Assignment of Error as follows:

> {¶88} English's first assignment of error involves an alleged irregularity that occurred with the trial court's receipt of and sharing of the verdict. According to English, the verdicts were returned to the trial judge in the jury room, then shared with the prosecutor, and not first returned in open court in his presence. He argues this irregularity violated R.C. 2938.11(F),[2] Crim.R. 31(A),[3] and his constitutional rights to a public trial and to be present at all critical stages of the proceedings.
>
> {¶89} Although the alleged irregularity did not contribute to the guilty verdicts, which were confirmed by jury polling, English argues the irregularity requires a reversal of his convictions because it amounted to structural error. Structural error "means [ ] that the government is not entitled to deprive the defendant of a new trial by showing that the error was 'harmless beyond a reasonable doubt.' " *Weaver v. Massachusetts*, —— U.S. ——, 137 S.Ct. 1899, 1910, 198 L.Ed.2d 420 (2017), citing *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

11

{¶90} To prevail on his claim of structural error, English must, as a threshold matter, show the violation of a fundamental constitutional right; a violation of a statute or rule of procedure will not suffice. See *State v. Jones*, Slip Opinion No. 2020-Ohio-3051, ¶ 2, citing *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 18.

{¶91} The alleged irregularity occurred on the first full day of jury deliberations. The transcript of proceedings shows that the trial judge, accompanied by a court reporter, was in the jury room based on the agreement of the parties to answer a jury question involving juror anonymity and safety after the trial. The judge provided the agreed-upon answer to the jurors, and told them to continue deliberations and notify the court when finished. In response, multiple jurors said, "[w]e are finished." Then the following transpired:

The Court: Okay. Well, tell me when you have the final verdict forms.
Various jurors: We do.
The Court: Okay. Can I have them, then, and we'll –
Jury foreman: Yes.
The Court: Okay. I'll show them to the attorneys. Thank you.

{¶92} The transcript next contains a notation in parenthesis that "[t]he Court and the court reporter exit the jury room and return to the courtroom," followed by, "[t]he jury entered the courtroom." And then the following:
The Court: Mr. Foreman, have you reached a verdict?
Jury Foreman * * *: Yes, Your Honor.
The Court: If you could hand the verdict to the bailiff, please. Mr. Bailiff, if you could read the verdicts please.

{¶93} The bailiff then read the guilty verdicts into the record. The jury was polled at defense counsel's request, and all jurors indicated that the verdicts were true. The court entered the guilty findings and thanked and dismissed the jurors.

{¶94} English filed a motion for a new trial two days later. In that motion, defense counsel asserted, "upon information and belief," that after the jury had advised the trial judge that they had reached a verdict, "the Judge took the verdict forms from the jury, left the jury in the jury room, responded to the courtroom and shared those verdict forms with the prosecuting attorney—not defense counsel. Defense counsel was then notified that there was a verdict not what the verdict was."

> {¶95} Although English contends his constitutional rights to a public trial and to be present were violated, he has failed to demonstrate the factual basis for the claimed constitutional violations. One part of the transcript suggests that the trial judge took the verdict forms from the foreman in the jury room. But subsequent notations suggest that the judge did not do so at that time, because when the jury entered the courtroom, the judge instructed the foreman to hand the verdict to the bailiff. Further, while the transcript indicates that the judge said he was going to "show" the verdict forms to counsel, other evidence indicate[s] that the judge did not mean "show" in its literal sense. To that end, in the motion for a new trial, defense counsel relayed that the judge had merely "*notified*" her that there was a verdict before those verdicts were read in the courtroom. Defense counsel also conveyed her belief that the judge had already told the prosecutor about the content of the verdicts, but she did not explain the basis for her conjecture. The record contains no comment from the prosecutor or the trial judge as to the facts, and we are left with defense counsel's speculation of an irregularity.
>
> {¶96} The trial court's order denying the motion for a new trial provides no reasoning for its decision. But we can presume that the trial court came to the same conclusion that we are reaching— English's claim simply was not supported. *See State v. Phillips*, 74 Ohio St.3d 72, 92, 656 N.E.2d 643 (1995) (Noting that a reviewing court generally presumes regularity in the trial court, unless the record demonstrates otherwise.). Ultimately, the record fails to demonstrate that the verdict was first announced in private and when English was not present, threshold facts for establishing the claimed constitutional violations and triggering any structural-error analysis. Accordingly, we overrule the first assignment of error.

*State v. English, supra.* Because this was the last reasoned decision of the Ohio courts – the Ohio Supreme Court declined jurisdiction – it is the decision this Court must review.

In the Petition, English admits the First District decided this case by finding there was no factual support for the claimed violation. He then tries to shift the blame for lack of facts:

> However, if defense counsel merely engaged in "speculation of an irregularity," why did neither the prosecutor nor the trial court deny the speculation? The prosecution never filed a written response to the defense's new trial motion. Moreover, neither the prosecutor nor the trial court denied that the irregularity occurred

13

> when given the opportunity to respond in open court. (T.p. 986–87) Therefore, the First District unreasonably determined the facts because, as an officer of the court, defense counsel's recitation of the facts deserved more credence than that afforded by the First District, especially considering the lack of any rebuttal by the trial court or by the prosecution.

(Petition, ECF No. 1, PageID 23).

A state court's determination of the facts is entitled to deference in habeas corpus unless it is rebutted by clear and convincing evidence. 28 U.S.C. § 2254(d)(2). That rebuttal must be based on evidence already in the state court record. *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Martinez Ramirez,* 596 U.S. \_\_\_, 142 S.Ct. 1718 (2022).

English argues that because his attorney is an officer of the Court her "recitation of facts" deserves credence. But her recitation of facts is not based on any evidence, but upon "information and belief." Because she was not present when any of the purportedly unconstitutional conduct occurred, her only possible source is hearsay from an unidentified source. A habeas petitioner cannot rebut the findings of a state court of appeals with unsourced speculation by his trial attorney. The Second Ground for Relief should therefore be dismissed.

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, English asserts he received ineffective assistance of appellate counsel in that appellate counsel did not raise the following three assignments of error:

> ASSIGNMENT OF ERROR: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION.

>   ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN ALLOWING EXTRINSIC EVIDENCE OF A PRIOR STATEMENT FROM A WITNESS CONTRARY TO EVID. R. 613 AND APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS.
>
>   ASSIGNMENT OF ERROR: THE ADMISSION OF OTHER-ACTS TESTIMONY AND EVIDENCE VIOLATED EVIDENCE RULES 403 AND 404 AND APPELLANT'S RIGHTS TO DUE PROCESS AND TO A FAIR TRIAL AS GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS.

(Petition, ECF No. 1, PageID 23-32).

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Whether that counsel has provided effective assistance is determined by the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987).

As with any other claim in habeas corpus a claim of ineffective assistance of appellate counsel must first be presented to the state courts in the form they have prescribed. *Wainwright v. Sykes*, 433 U.S. 72 (1977). In Ohio the sole procedural remedy for ineffective assistance of appellate counsel is by Application for Reopening under Ohio R. App. P. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). English filed such an Application on July 6, 2021 (State Court Record, ECF No. 5, Ex. 21). On July 22, 2021, the First District Court of Appeals denied the Application because it was untimely by more than six months. *Id.* at Ex. 22.

Respondent asserts English has procedurally defaulted his ineffective assistance of appellate counsel claims by not filing his 26(B) Application on time (Return, ECF No. 7, PageID 1408). Judge by the standards for procedural default set forth above, failure to file on time

15

creates a procedural default which, in this case, has not been excused. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). Ground Four should be dismissed as procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

December 19, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
