# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KAHLIA J. ENGLISH,

        Petitioner,    :    Case No. 1:22-cv-156

- vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

WARDEN,
 Trumbull Correctional Institution

                :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 32) to the Magistrate Judge's Report and Recommendation ("Report," ECF No. 24). District Judge Black has recommitted the case for reconsideration in light of the Objections (ECF No. 33).

**The Objections Were Untimely Filed**

The Report was filed and served December 19, 2023, making objections due under Fed.R.Civ.P. 6 and 72(b) on January 5, 2023. At that point in time Petitioner was unrepresented by counsel and filed *pro se* a Motion to Extend his objection time by sixty days (ECF No. 25); the Court granted an extension to February 6, 2023 (Order, ECF No. 26). On the date the objections were now due, current counsel entered her appearance and requested and received a consented extension of time to January 21, 2023 (ECF Nos. 27, 28). The Objections were not in

1

fact filed until January 22, 2023. However, to allow for a decision on the merits of the Objections, the Court *sua sponte* grants an extension until the time of filing.

Petitioner makes no objection to the Report's account of litigation history, but objects to the recommended dismissal of all three pleaded grounds for relief. The objections will be considered *seriatim* below.

**Ground One: Improper Admission of Other Acts Evidence**

In his First Ground for Relief, English contends he was denied his right to a fair trial when the trial court admitted evidence of firearms possession when the firearms in question were not related to any firearm used in the offense on trial, as well as other "bad character" or "propensity" evidence (Petition, ECF No. 1, PageID 12-20).

**This claim is procedurally defaulted.**

Respondent asserted this claim was procedurally defaulted because English had not contemporaneously objected to admission of this evidence on the same grounds he raised in his Petition. The Report agreed and English objects that the claim was not in fact procedurally defaulted.

The First District Court of Appeals on direct appeal held:

> {¶49} Our review in this case is hampered because, as the state points out, English did not object to this evidence on the basis now raised. Thus, English forfeited all but plain error. See, e.g., Evid.R. 103(A)(1) and (D); *Thomas*, 152 Ohio St.3d 15, 2017-Ohio-8011, 92 N.E.3d 821, at ¶ 32.

*State v. English*, 2020-Ohio-4682 (1st Dist., Sept. 30, 2020). The Report noted that, under federal habeas law, plain error review was an enforcement of the contemporaneous objection rule rather than a waiver of it, so Respondent had met the actual enforcement prong of the required *Maupin* analysis (Report, ECF No. 24, PageID 1505).

Petitioner objects that he did make a contemporaneous objection, albeit on different grounds, but asserts this is sufficient under Ohio law, citing Ohio R. Evid. 103(A)(1) and (2) (Objections, ECF No. 32, PageID 1530).  Essentially he is arguing the First District Court of Appeals got the Ohio law wrong.

English claims:

> The First District ultimately [sic] ruled that "Exhibits 27 and 28 should have been excluded because any value they had for establishing a nonpropensity purpose was substantially outweighed by the risk of unfair prejudice. See Evid.R. 403(A). Similarly, Ebony's testimony concerning English's desire to bribe her to obtain guns, his stockpiling of guns, and her other general testimony reflecting negatively on his character should not have been admitted. Notably, English did not place his character at issue in this case. See Evid.R. 404(A)." ." Doc #: 5 PageId #: 151.

(Objections, ECF No. 32, PageID 1531).  **When one reads PageID 151 which is in fact part of the First District's opinion upholding the conviction, this language does not appear anywhere on that page.**  The language also does not appear on PageID 158, also cited by English.  However, it does appear at ¶¶ 61-62 when the First District is discussing a different question.

The contemporaneous objection rule as a part of Ohio law provides a state court with the opportunity to correct constitutional error on the spot before it infects the jury's mind and ultimately the verdict.  Here the First District held English had not made a contemporaneous objection which satisfied that purpose.  To put it another way, federal law does not define what

3

constitutes a contemporaneous objection under state law; this Court is bound by the state courts' interpretation of that law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")*, Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986). Here the First District plainly held at ¶ 49 that, because English had not objected on the same basis raised on appeal, he was limited to plain error review. This effectively amounts to a holding that he did not effectively object at all and thus defaulted the claim.

English argues that the First District was wrong because it relied on Ohio R. Evid. 101 which English claims essentially supports his position that any objection to the particular evidence preserves all possible grounds for objection. Not so. Rule 101 expressly states a litigant must state "the specific ground of objection" to preserve any error for appeal.

Petitioner's objections to the Report's conclusion on procedural default should be overruled.

**Failure to State a Claim**

In the alternative, the Report concluded Ground One failed to state a claim cognizable in habeas because the admission of other bad acts evidence did not violate the Constitution (Report, ECF No. 24, PageID 1506-07).

Petitioner offers no objection to this analysis (See ECF No. 24, PageID 1507-08).

4

Accordingly, Ground One may be dismissed on this alternative basis without consideration of the contemporaneous objection issue.

**Ground Two: Due Process Violation in Reception of the Verdict**

In his Second Ground for Relief, English asserts his due process rights were violated when the trial judge received the verdict forms and shared them with the prosecuting attorney before they were announced in open court.

The Report noted that the First District had found there was no factual basis for the allegation that the trial judge had shared the verdicts with the prosecutor and not the defense counsel.  Because English had offered no contrary evidence from the state court record, much less clear and convincing evidence, that this finding was in error, the Report found it was binding and conclusive on Ground Two.

Petitioner objects that, on the contrary, the factual determination of the First District is unreasonable.  English ignores the fact that there is no proof the verdicts were shared with counsel for either side until they were returned in open court.  Instead, he claims the violation of his constitutional right to have the verdicts returned in open court was complete when the judge took the verdicts into his hand in the jury room.

The constitutional right on which English relies is the public trial right embodied in the Sixth Amendment.  He cites *Snyder v. Massachusetts,* 291 U.S. 97 (1934), and *Waller v. Georgia*, 467 U.S. 39[1] (1984).  In *Waller* the Supreme Court held the public trial guarantee extended to suppression hearings.  In *Snyder* the Court held there was no public trial right of a defendant to be present at a jury view.  A defendant is guaranteed the right to be present at any

---

[1] Counsel cites *Waller* as appearing at 47 U.S. 39.  The Supreme Court decision reported there is *Bank of U.S. v. Moss*.

5

stage of the criminal proceeding that is critical to the outcome if his presence would contribute to the fairness of the procedure, i.e., be useful in ensuring a more reliable determination. *Buell v. Mitchell*, 274 F.3d 337, 363 (6th Cir. 2001), *citing Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). It is difficult to see how English's presence at the judge's responding to a jury question about security after trial would contribute to a more reliable determination of the case. Here counsel for the State and for English had agreed that the judge would respond to the jury's question without their presence.

Because the verdicts were formally returned in open court and the jury was polled, English can show no harm from what occurred in the jury room. He says he should not have to because what happened was a structural error, but he cites no authority for this proposition and none is known to the Court. *Waller* found structural error in excluding the public from a suppression hearing. Errors of a structural nature cannot be harmless. *Arizona v. Fulminante*, 499 U.S. 279 (1991). Examples of structural error are rare. They include judicial bias (*Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008)*, citing Washington v. Recuenco,* 548 U.S. 212 (2006), and *Sullivan v. Louisiana,* 508 U.S. 275, 283 (1993)*, Tumey v. Ohio*, 273 U.S. 510 (1927)), complete denial of counsel (*Johnson v. United States*, 520 U.S. 461 (1997)), racial discrimination in the selection of a grand jury (*Vasquez v. Hillery*, 474 U.S. 254 (1986)), denial of self-representation at trial (*McKaskle v. Wiggins,* 465 U.S. 168 (1984)), denial of public trial (*Waller v. Georgia*, 467 U.S. 39 (1984)), a defective reasonable doubt instruction (*Sullivan v. Louisiana*, 508 U.S. 275 (1993)), *Batson* violations, *Snyder v. Louisiana*, 552 U.S. 472, 478 (2008), or exclusion for cause of a juror who has scruples about the death penalty, *Wheeler v. Simpson*, 779 F.3d 366 (6th Cir. 2015), citing *Lockhart v. McCree*, 476 U.S. 162, 176 (1986), and *Uttecht v. Brown*, 551 U.S.

6

1 (2007).  In *McCoy v. Louisiana*, 584 U.S. ___, 138 S. Ct. 1500 (2018), the court added admitting guilt when client wants to oppose it, even when evidence is overwhelming.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Petitioner has not even attempted to show how the First District's decision is an objectively unreasonable application of Supreme Court precedent.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge adheres to his original conclusion that the Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 28, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>
United States Magistrate Judge