## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| KAHLIA ENGLISH, | ) | |
| Petitioner, | ) | Case No. 1:22-cv-156 |
| vs. | ) | District Judge **TIMOTHY S. BLACK** |
| WARDEN, Trumbull Correctional Institution | ) | Magistrate Judge **Michael R. Merz** |
| Respondent. | ) | |

## PETITIONER'S OBJECTIONS TO
## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner Kahlia English filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C 2254 asserting three grounds for relief. In a Supplemental Report and Recommendation (Doc #34), the Magistrate Judge recommended that grounds one, two and three be dismissed without prejudice. The magistrate judge further recommends that this Court not certify any ground for appeal.

Accordingly, Petitioner English responds herein with the following objection to Report and Recommendation to deny all grounds for relief raised by Petitioner.

### I. Gound One: Improper Admissions of Other Acts Evidence

Here, the admission of other acts, through the admission of weapons unrelated to the case resulted in confusion of issues and undue prejudice. Anything that would result in such confusion and of issues and undue prejudice would certainly invoke the issue of violation of fundamental fairness. , which the Constitution unequivocally forbids. Where the enforcement of a violation of

a state procedural rule has resulted in the denial of fundamental fairness, thereby violating due process, federal habeas corpus relief will be granted. *Henry v. Trim*, 2013 U.S. Dist LEXIS 185325 N.D. Ohio), citing *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).

   II.   **Ground Two: Due Process Violations**

In his Petition, Petitioner argues that;

> The accused's presence during this critical stage of the proceedings is also required by due process. Snyder v. Massachusetts, 291 U.S. 97, 107–08 (1934). The requirement that a verdict be returned in open court is not only protected by the United States Constitution, but Ohio statutory law as well. Crim. R. 31(A) states that "[t]he verdict shall be unanimous. It shall be in writing, signed by all jurors concurring therein, and returned by the jury to the judge in open court." Because Ohio has established rules to effectuate English's fundamental rights, the State has opted "to act in a field where its action has significant discretionary elements," and therefore must "act in accord with the dictates of the Constitution – and, in particular, in accord with the Due Process Clause." Evitts v. Lucey, 469 U.S. 387, 401 (1985).

Doc #: 1 Page: 20 of 33 PAGEID #: 20.  Petitioner's presentation of this claim has been consistent. It was fairly presented and exhausted at state Court.  In the initial Report and Recommendations, the Magistrate Judge argued *only* that there was no factual basis to support Petitioner's claim.  In that Report and Recommendation no other legal basis for the denial was offered.  As was bored out in Petitioner's Objection to Repot and Recommendation, the factual basis is set forth in the record.  Beyond that, while in the trial court, the Petitioner inquired of the trial judge on the record.  The trial judge declined to dispute the facts as set forth.

Here, The Petitioner overcame the hurdle which the magistrate judge set as the sole basis for denying Petitioner's claim in his second ground for relief.  Accordingly, Petitioner's Second Claim for Relief should be granted.

However, in his Supplemental Report and Recommendation, the magistrate judge appears to move the target.  First, the Supplemental Report and Recommendation questions Petitioner's objections arguing that "It is difficult to see how English's presence at the judge's responding to a jury question about security after trial." Doc #: 34 Page: 6 of 8 PAGEID #: 1544.  This is not a good faith summary of Petitioner's arguments as presented to this Court in Ground 2.

Next, the magistrate attempts to undermine the facts in the record supporting Petitioner's second claim by stating that "Because the verdicts were formally returned in open court….." Doc #: 34 Page: 6 of 8 PAGEID #: 1544.  The magistrate does not cite to the record for this factual conclusion and it is at odds with the facts in the record as set forth in Petitioner's Objection to Report and Recommendation.  Here, the verdicts were *not* returned in open court. The record is unequivocal that they were returned directly to the trial judge in the jury room.  While in the jury room, the judge and the foreman have the following exchange about the jury forms;

>Judge: Can I have them…
>
>Jury Formen: yes
>
>Judge: Okay. I'll show them to the attorneys, thanks..
>
>"the court and the court reporter exit the jury room"

Doc #: 5-9 PAGEID #: 1330

It is unclear what the Supplemental R&R meant by "formally returned."  There is no case law cited by the Magistrate nor the Respondent which would suggest that some "formal" reenactment of  returning the jury verdict in open Court cures the structural error which results from returning the jury verdict outside of open Court.

Next, the supplemental Report and Recommendation claims that petitioner cannot establish prejudice.  Petitioner's claims set forth a claim of structural error.  A showing of prejudice is not

required. The purpose of the structural error doctrine is to ensure insistence on certain basic, constitutional guarantees that should define the framework of any criminal trial. For the same reason, structural error "def[ies] analysis by harmless error standards." Id. at 309. An error that is deemed structural requires an automatic reversal regardless of prejudice to the accused. Neder v. United States, 527 U.S. 1, 7 (1999)

The magistrate argues that the firmly established United States Supreme Court right to a public trial has not been extended to returning of the verdict. In fact, the right to a public trial encompasses the entirety of the trial, which includes the returning of a verdict. The magistrate notes that cases like *Waller v. Geaorgia*, 467 U.S. 39 (extending public trial to suppression), *Press Enterpise v. Superior Court*, 464 U.S. 501 (1984) (extending public trial to voir dire). Inherently, those cases extend the right to public trial beyond the trial itself., Here, the returning of the verdict is a part of the trial and extension of the right need not be extended to returning of the verdict. It already encompasses it. The Supplemental R&R concedes that violation of public trial is structural error. No exception has been established here to justify closure.

In each of these cases the Court has made clear that the right to an open trial may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information. Such circumstances will be rare, however, and the balance of interests must be struck with special care. We stated the applicable rules in *Press-Enterprise*:

> "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." 464 U.S., at 510.

<u>Waller v. Georgia</u>, 467 U.S. 39, 45, 104 S. Ct. 2210, 2215 (1984)

Here, the constitutional violation occurs when the court takes possession of the verdict forms *not in open court*, thus failing to return them in open court. Here, the Petitioner does not need to rely on "unsourced speculation by his counsel" to rebut the trial Courts determination of facts pursuant to *Cullen v. Pinholster*, 563 U.S. 170 (2011).  When reasonably interpreted, the record is sufficient to establish the claim.

## CONCLUSION

Petitioner English has made a substantial showing of the denial of constitutional rights pursuant to 28 USC 2254 (D)(1) and (2) Accordingly, this Court should find Ground Two in favor of Petitioner, granting a writ of Habeas Corpus and vacating his convictions.

Respectfully Submitted,

/s/ Kimberly Kendall
**Kimberly Kendall (#0089866)**
4403 Saint Clair Avenue
Cleveland, OH 44103
Office: 216-310-4167
Email: kkc@kimlawcrimlaw.com

## CERTIFICATE OF SERVICE

A true copy of the foregoing was served this 21ST day of February 2023, via the courts electronic filing system.

/s/ Kimberly Kendall
**Kimberly Kendall**
Attorney for Petitioner