UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| KAHLIA J. ENGLISH, | : | Case No. 1:22-cv-156 |
| | : | |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| WARDEN, Trumbull Correctional Institution, | : | |
| | : | |
| | : | |
| Respondent. | : | |

**DECISION AND ENTRY:
ADOPTING THE REPORTS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Docs. 24, 34)**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Michael R. Merz.  On December 22, 2022 and February 28, 2023, the Magistrate Judge issued a Report and Recommendations and Supplemental Report and Recommendations, recommending that the Court dismiss the Petition with prejudice and deny a certificate of appealability.  (Docs. 24, 34).  Petitioner filed objections to both R&Rs with the assistance of counsel.  (Docs. 32, 39).  Respondent did not respond to either set of objections, and the time for doing so had expired.

**A. Ground 1**

In Ground 1, Petitioner claims he was deprived of his constitutional right to a fair trial when the trial court admitted evidence that Petitioner possessed firearms unrelated to the charges he was on trial for and other "bad character evidence."  (Doc. 1 at 12-19). The Magistrate Judge recommends dismissing Ground 1 due to procedural default.  (Doc.

22 at 3-7; Doc. 34 at 2-4). Alternatively, the Magistrate Judge recommends rejecting this ground for failure to state a cognizable habeas claim "because there is no clearly established Supreme Court precedent holding admission of propensity or other bad acts evidence violates Due Process." (Doc. 22 at 7-14 (citing *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)); Doc. 34 at 4-5).

In his objections to the R&R, Petitioner argues that the claim "overcomes procedural default and is worthy of consideration on its merits." (Doc. 32 at 3). In his objections to the R&R, Petitioner did not address the Magistrate Judge's alternative conclusion that, even if the claim were not procedurally defaulted, Ground 1 fails on the merits. (*Id.*) In his objections to the Supplemental R&R, Petitioner generally argues that admission of the evidence violated fundamental fairness. (Doc. 39 at 1).

Petitioner's general objection to the Magistrate Judge's alternative conclusion is tantamount to a complete failure to object.[1] And having reviewed the Magistrate Judge's finding that, to the extent Petitioner's claim is not procedurally defaulted, it must be dismissed on the merits, the Court is satisfied that there is no clear error on the face of the record. Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). Accordingly,

---

[1] "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added). "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.' " *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). In other words, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

2

the Court accepts the Magistrate Judge's recommendation on the merits, and Ground 1 is dismissed with prejudice.

### B. Ground 2

In Ground 2, Petitioner contends that his due process rights were violated when the state trial court judge received the jury's verdict forms and shared the forms with the prosecuting attorney before announcing the verdict in open court. (Doc. 1 at 20-23). Specifically, Petitioner argues that failing to receive verdict forms in the open courtroom amounts to a structural error, and because the verdict forms were purportedly received outside the open courtroom during his trial, he is entitled to habeas relief.

The Magistrate Judge recommends dismissing Ground 2 because Petitioner failed to show that the state court's decision was an unreasonable determination of the facts or an unreasonable application of Supreme Court precedent. (Doc. 24 at 9-14; Doc. 34 at 5-4). Petitioner objects to the Magistrate Judge's conclusion, arguing that the record "makes clear" that the state trial judge received the verdict form outside of the open courtroom and that a failure to receive verdict forms in the open courtroom amounts to a structural error. (Doc. 32 at 4-9; Doc. 39 at 2-5).

When Petitioner presented Ground 2 to the state courts, the last reasoned state court decision concluded as follows: "Ultimately, the record fails to demonstrate that the verdict was first announced in private and when English was not present, threshold facts for establishing the claimed constitutional violations and triggering any structural-error analysis." *State v. English*, No. C-180697, 2020 WL 5820968, 2020-Ohio-4682, ¶ 96 (Ohio Ct. App. Sept. 30, 2020). Specifically, the state court found that there was no

3

factual basis for Petitioner claim because "[o]ne part of the transcript suggests that the trial judge took the verdict forms from the foreman in the jury room. But subsequent notations suggest that the judge did not do so at that time, because when the jury entered the courtroom, the judge instructed the foreman to hand the verdict to the bailiff." *Id.* at ¶ 95. And although Petitioner's trial counsel "conveyed her belief that the judge had already told the prosecutor about the content of the verdicts…she did not explain the basis for her conjecture," leaving the state court with nothing more than with defense counsel's speculation of an irregularity. *Id.*

Throughout the proceedings, Petitioner has consistently relied on two portions of the record in support of Ground 2. First, Petitioner relies on the trial transcript of the receipt of the verdict. (Doc. 5-9). The transcript reflects that the state trial judge went to the jury room after consulting the attorneys to answer juror questions, and after answering the juror's questions, the following occurred:

> THE COURT: So we'll let you continue your deliberations, and just let us know when you're finished.
>
> VARIOUS JURORS: We are. We are finished.
>
> THE COURT: You are?
>
> VARIOUS JURORS: Yes.
>
> THE COURT: Okay. Well, tell me when you have the final verdict forms.
>
> VARIOUS JURORS: We do.
>
> THE COURT: Okay. Can I have them, then, and we'll—
>
> JURY FOREMAN: Yes.

> THE COURT: Okay. I'll show them to the attorneys. Thank you.
>
> (The Court and court reporter exit the jury room and return to the courtroom.) (The jury entered the courtroom.)
>
> THE COURT: Mr. Foreman, have you reached a verdict?
>
> JURY FOREMAN: Yes, Your Honor.
>
> THE COURT: **If you could hand the verdict to the bailiff, please**. Mr. Bailiff, if you could read the verdicts, please.

(*Id.* at 7-8 (emphasis added)). And after reading the guilty verdicts, the Court polled all the jurors, and the jurors confirmed that the verdicts were true. (*Id.* at 8-11).

Second, Petitioner relies on his motion for a new trial, signed by his trial counsel, and stating the following:

> There was an irregularity in the proceedings in that the verdict was not properly submitted to the Court. Upon information and belief, the Judge along with the Court Reporter met with the Jury relating to a question they had imposed in writing. Upon information and belief, Judge Sunderman instructed the Jury to continue deliberating. Upon information and belief, the Jury advised the Judge that they had reached the verdict. Upon information and belief, the Judge took the verdict forms from the jury, left the jury in the jury room, responded to the courtroom and shared those verdict forms with the prosecuting attorney- - - not defense counsel. Defense counsel was then notified that there was a verdict not what the verdict was. Defense counsel responded to the courtroom and believed that the verdict was being delivered for the first time. Unbeknownst to her that it had already been delivered to the Judge and shared with the prosecuting attorney. This is an irregularity in the proceedings and Defendant should be entitled to a new trial.

(Doc. 5 at 16).

5

Having reviewed all the filings in this matter, Petitioner has not shown that the state court proceedings resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). Despite Petitioner's contention that the "record is overwhelmingly clear that the judge took possession of the verdict forms *not in open court*," the record demonstrates otherwise. Indeed, as the state court found, the transcript suggested that the trial judge did not receive the jury verdict form outside the open courtroom because the trial judge instructed the foreman to hand the verdict form to the bailiff. And Petitioner pointed to no other evidence of an irregularity other than his counsel's speculation. Thus, the state court's proceedings did not result in a decision that was based on an unreasonable determination of the facts.

Petitioner has also not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). To be sure, "a violation of the right to a public trial is a structural error." *Weaver v. Massachusetts*, 582 U.S. 286, 296 (2017); *see also Presley v. Georgia*, 558 U.S. 209 (2010) (right to public trial extends to jury selection); *Waller v. Georgia*, 467 U.S. 39 (1984) (right to public trial extends to pretrial suppression hearing).

But Petitioner has provided no clearly established Supreme Court precedent supporting his claim that the trial judge's failure to receive the verdict forms in open court (assuming that happened here), before announcing the verdict in open court, amounts to a violation of the right to a public trial, is a structural error, and warrants

6

habeas relief.  *See United States v. Burton*, 802 F. App'x 896, 906 (6th Cir. 2020) (reviewing the mailing of guilty verdict following a bench trial as a harmless error and not as a structural error); *cf. Williams v. Burt*, 949 F.3d 966, 978 (6th Cir. 2020) (citing *Weaver v. Massachusetts*, 588 U.S. 286 (2017)) ("to satisfy the *Strickland* standard [for an ineffective assistance of counsel claim] in the context of a failure to object to a potential public trial violation during the guilt phase, must show prejudice").

Accordingly, the Court accepts the Magistrate Judge's recommendation as to Ground 2, and Ground 2 is dismissed with prejudice.

### C. Ground 3

In Ground 3, Petitioner brings an ineffective assistance of counsel claim concerning his appellate counsel.  (Doc. 1 at 23-32).  The Magistrate Judge recommends dismissing this ground as procedurally defaulted.  (Doc. 24 at 15-16).  Petitioner did not assert any objections to the Magistrate Judge's recommendations.   (*See* Docs. 32, 39). Accordingly, the Court adopts the Magistrate Judge's recommendation on Ground 3, and Ground 3 is dismissed.

When required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge, and the Court has also considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court finds that the Report and Recommendations and the Supplemental Report and Recommendations should be and are hereby adopted.

Accordingly:

1. The Report and Recommendations (Doc. 24) and Supplemental Report and Recommendations (Doc. 34) are **ADOPTED**;

2. Petitioner's objections (Docs. 32, 39) are **OVERRULED**;

3. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED with prejudice**;

4. Because reasonable jurists would not debate the Court's conclusions, the Court **DENIES** issuance of a certificate of appealability, pursuant to 28 U.S.C. § 2253; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983));

5. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore Petitioner is denied leave to appeal *in forma pauperis*; and

6. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date: January 22, 2024                                    *s/ Timothy S. Black*
                                                          Timothy S. Black
                                                          United States District Judge